IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

JUN 20 2019

ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| THE UNITED STATES OF AMERICA and THE STATE OF MISSISSIPPI, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| THE CITY OF MERIDIAN, MISSISSIPPI | ) ) ) |
| Defendant. | ) ) ) |

Case No. *3:19cv 427 DPJ-FKB*

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Mississippi, by and through the Mississippi Commission on Environmental Quality, acting through the Mississippi Department of Environmental Quality ("MDEQ"), hereby allege as follows:

## NATURE OF ACTION

1.     This is a civil action for injunctive relief and penalties brought under Sections 301 and 309 of the Clean Water Act ("CWA" or "the Act"), 33 U.S.C. §§1311 and 1319, and under the Mississippi Air and Water Pollution Control Law ("MAWPCL") (Miss. Code Ann. §§ 49-17-1 through 49-17-43), against the City of Meridian, Mississippi for discharges of pollutants from

unpermitted and unauthorized point sources within its wastewater collection and

transmission system ("WCTS") in violation of Section 301 of the Act, 33 U.S.C.

§ 1311, and for violations of conditions established in the National Pollutant

Discharge Elimination System ("NPDES") permits issued to Meridian by MDEQ

pursuant to its EPA-approved permit program under Section 402 of the Act, 33

U.S.C. § 1342.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant

to Section 309(b) of the Act, 33 U.S.C. §§ 1319(b), and 28 U.S.C. §§ 1331, 1345,

and 1355, and over the Parties.  This Court has supplemental jurisdiction over

Mississippi's state law claims under the MAWPCL pursuant to 28 U.S.C.

§ 1367(a) because the state law claims are related to the federal law claims and

form part of the same case or controversy.

3.      The United States has authority to bring this action on behalf of the

Administrator of EPA under Section 506 of the Act, 33 U.S.C. § 1366.  MDEQ

has the authority to bring this suit on behalf of the State of Mississippi in

accordance with Miss. Code Ann. §§ 49-2-13, 49-2-21, 49-17-17, and 49-17-43

and the common law of Mississippi.

4.      Venue is proper in the Northern District of Mississippi pursuant to

28 U.S.C. §§ 1391(b) and 1395(a), because it is the judicial district in which

Meridian is located and in which the alleged violations occurred.

5.      Notice of the commencement of this action has been provided to

the State of Mississippi pursuant to Section 309(b) of the Act, 33 U.S.C.

§ 1319(b).  The State of Mississippi joins this action as a plaintiff, thereby
satisfying the requirements of Section 309(e) of the Act, 33 U.S.C. § 1319(e).

### DEFENDANT CITY OF MERIDIAN

6.      Defendant Meridian is a "city" within the meaning of Miss. Code
Ann. § 21-1-1 and was incorporated in 1860.  Meridian is also a "municipality" as
that term is defined by Section 502(4) of the Act, 33 U.S.C. § 1362(4).  The City
of Meridian is located in Lauderdale County.  Meridian is responsible for the
operation and maintenance of its WCTS, including approximately 330 miles of
sanitary sewer lines, 66 sanitary sewer lift stations, and associated appurtenances.
Meridian's WCTS are operated subject to an NPDES permit, referred to as the
Meridian Publically Owned Treatment Works ("Meridian POTW") NPDES
permit. The permit is issued under Section 402(b) of the Act, 33 U.S.C. § 1342
and Miss. Code Ann. § 49-17-29, authorizing the discharge of pollutants from a
designated outfall into the Sowashee Creek in compliance with the conditions and
limitations of the permit.

### CLEAN WATER ACT AND MAWPCL STATUTORY REQUIREMENTS

7.      Section 301(a) of the Act, 33 U.S.C. § 1311(a), prohibits the
discharge of any pollutant by any person to waters of the United States, except in
compliance with certain sections of the Act, including, where applicable, an
NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

8.      Section 402(a) of the Act, 33 U.S.C. § 1342(a), provides that the
permit-issuing authority may issue an NPDES permit which authorizes the
discharge of any pollutant, but only in compliance with the applicable

3

requirements of Section 301 of the Act, 33 U.S.C. § 1311, and such other conditions as the EPA Administrator determines are necessary to carry out the provisions of the Act.

9.      Section 402(b) of the Act, 33 U.S.C. § 1342(b), provides that EPA may approve a state NPDES permitting program.  The State, through MDEQ, is authorized to issue NPDES permits in Mississippi, and does so in accordance with the MAWPCL, Miss. Code Ann. §§ 49-17-1 *et seq.*, and Commission Regulations WPC-1 and WPC-2.

10.      Section 309(b) of the Act, 33 U.S.C. § 1319(b), authorizes the EPA Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person is in violation of Section 301 of the Act, 33 U.S.C. § 1311, or any permit condition or limitation in an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342. MAWPCL provides similar authority to MDEQ at Miss. Code Ann. § 49-17-43(2).

11.      Section 309(d) of the Act, 33 U.S.C. § 1319(d), as amended, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended through the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, establishes maximum civil penalties for violations of Section 301 or violations of conditions of a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342. *See* 40 C.F.R. § 19.4.  The maximum civil penalty per day per violation of the CWA is $37,500 for violations occurring

4

between January 13, 2009 through November 2, 2015, and $52,414 per day per violation of the CWA for violations occurring after November 2, 2015.

12.     Miss. Code Ann. § 49-17-29(2) prohibits any person "to cause pollution of any waters of the state or to place or cause to be placed any wastes in a location where they are likely to cause pollution of any waters of the state" without a valid permit, and Miss. Code Ann. § 49-17-43(1) provides that it is illegal to violate any permit provision.

13.     The MAWPCL provides that any person that violates the MAWPCL is subject to a civil penalty of up to $25,000 per day per violation. Miss. Code Ann. § 49-17-43(1).  Polluters or violators can also be liable for damages including state investigation and enforcement costs, removing any pollution, and compensation for loss of wildlife, fish, aquatic life and any other actual damages caused by the pollution or violation.  Miss. Code Ann. § 49-17-43(3) and (4).

## GENERAL ALLEGATIONS

14.     Meridian is a municipality.  It is a city created by or pursuant to Mississippi law and has jurisdiction over disposal of sewage, industrial wastes, or other wastes.  Because Meridian is a municipality, at all times relevant herein, Meridian is a "person," within the meaning of Section 502(5) of the Act, 33 U.S.C. § 1362(5) and Miss. Code Ann. § 49-17-5(3)(b).

15.     The City's Wastewater Collection and Transmission System ("WCTS") transports wastewater to the City's two wastewater treatment plants ("WWTPs"), the Meridian South Wastewater Treatment Plant ("South WWTP")

and the East Meridian Wastewater Treatment Plant ("East WWTP").  At all times

relevant herein, Meridian has owned and operated the South WWTP located at

2304 U.S. Highway 11 South, and the East WWTP located at 3900 Old Highway

45 North, and the associated WCTS, which receive and treat wastewater from

residential, commercial, and industrial sources within Meridian.  The WCTS

includes gravity sewer lines, force mains, lift stations, pump stations, and

manholes.  The City is the named permittee for NPDES Permit Number

MS0020117, which permits both the South and East WWTPs and is known as the

Meridian POTW NPDES Permit.

16.     Meridian is permitted to discharge treated sewage from both the

South and East Plants from a single discharge location at the South Plant into the

Sowashee Creek (Hydrologic Unit Code (HUC) 03170001). The Sowashee Creek

flows into the Okatibbee Creek (HUC 03170001), which is a traditional navigable

water ("TNW") of the United States.

17.     The Meridian WCTS includes discernible, confined and discrete

conveyances, including but not limited to any pipe, ditch, channel, tunnel,

conduit, well, discrete fissure, or container from which pollutants are or may be

discharged.

18.     The Meridian WCTS is a "disposal system" within the meaning of

Miss. Code Ann. §§ 49-17-5(1)(e) and 49-17-29(2)(b).

19.     At times relevant herein, Meridian has discharged one or more

"pollutants" including, but not limited to, sewage as defined in 33 U.S.C.

§ 1362(6), from "point sources," as defined in Section 502(14) of the Act, 33

U.S.C. § 1362(14), within its WCTS to the Sowashee Creek and perennial
tributaries of the creek that have beds and banks and ordinary high water marks.

20.     At times relevant herein, Meridian has discharged wastes
including, but not limited to, sewage as defined in Miss. Code Ann. § 49-17-
5(1)(b), from its WCTS.

21.     The Sowashee Creek and its perennial tributaries are "navigable
waters" and "waters of the United States" under Section 502(7) of the Act, 33
U.S.C. § 1362(7), and also waters of the State of Mississippi.

23.     "Waters of the state" is defined in Miss. Code Ann. § 49-17-
5(1)(f), as "all waters within the jurisdiction of [the State of Mississippi],
including all streams, lakes, ponds, impounding reservoirs, marshes,
watercourses, waterways, wells, springs, irrigation systems, drainage systems, and
all other bodies or accumulations of water, surface and underground, natural or
artificial, situated wholly or partly within or bordering upon the state . . . except
lakes, ponds or other surface waters which are wholly landlocked and privately
owned, and which are not regulated under" the Act.

24.     At times relevant herein, Meridian has discharged pollutants within
the meaning of Section 502(12) from "point sources" within the meaning of
Section 502(14) of the Act, 33 U.S.C. § 1362(14), to "navigable waters" within
the meaning of Section 502(7) of the Act, 33 U.S.C. § 1362(7).

25.     At times relevant herein, Meridian has discharged "wastes" into
"waters of the state" and/or placed "wastes" in locations where they are likely to
cause pollution of "waters of the state." Miss. Code Ann. § 49-17-29.

26.     Pursuant to Section 402(a) of the Act, 33 U.S.C. § 1342(a), and Miss. Code Ann. § 49-17-29, MDEQ issued Meridian NPDES permit number MS0020117 for discharges from the South Plant into the Sowashee Creek, subject to certain limitations and conditions set forth in the NPDES permits.

27.     At all relevant times herein, Meridian's NPDES permit for the Meridian POTW has authorized Meridian to discharge treated municipal wastewater from both the East and South WWTPs from a single discharge location at the South Plant into the Sowashee Creek, subject to certain limitations and conditions set forth in the NPDES permit.

28.     Meridian's NPDES permit requires Meridian at all times to properly operate, maintain, and when necessary, promptly replace all facilities and systems of collection, treatment and control (and related appurtenances) which are installed or used by Meridian to achieve compliance with the conditions of the permit.  This provision requires the operation of back-up or auxiliary facilities or similar systems that are installed by Meridian only when the operation is necessary to achieve compliance with the conditions of the NPDES permit. The "Proper Operation, Maintenance and Replacement" requirement is a condition of Meridian's NPDES permit.  *See* Condition No. T-32 of the Meridian POTW NPDES permit.

29.     Meridian's NPDES permit requires Meridian to report noncompliance with the permit to MDEQ.  The "Noncompliance Notification - Twenty-Four Hour Reporting" condition requires reports of noncompliance including sanitary sewer overflows which may endanger health or the

8

environment to be provided orally within 24 hours from the time Meridian

becomes aware of the circumstances, and in writing within five days of the time

Meridian becomes aware of the circumstances.  The "Noncompliance Notification

- Other Noncompliance" condition requires Meridian to report all instances of

noncompliance not reported under the 24-hour reporting requirements, at the time

monitoring reports are submitted or within 30 days from the end of the month in

which the noncompliance occurs.  Additional reporting is required under the

"Noncompliance Notification - Other Information" condition.  *See, e.g.,*

Condition Nos. S-4, S-5, and S-6 of the Meridian POTW NPDES permit.

### FIRST CLAIM FOR RELIEF
### UNAUTHORIZED DISCHARGES FROM WASTEWATER
### COLLECTION AND TRANSMISSION SYSTEM

30.     Paragraphs 1 through 29 are realleged and incorporated herein by

reference.

31.     On numerous occasions between February 2013 and the date this

complaint is filed, Meridian discharged untreated sewage to waters of the United

States and waters of the State from point sources within its WCTS which were not

authorized by an NPDES permit.

32.     Discharges referred to in the Paragraph above each constituted a

discharge of pollutants from a point source to waters of the United States and

waters of the State, without authorization under an NPDES permit or other

exception specified in Section 301(a) of the Act, 33 U.S.C. § 1311(a), in violation

of CWA Section 301, 33 U.S.C. § 1311, and Miss. Code Ann. § 49-17-29(2).

33.     Each day of each unauthorized discharge by Meridian referred to in Paragraph 31 constitutes a separate violation of CWA Section 301, 33 U.S.C. § 1311, and Miss. Code Ann. § 49-17-29(2).

34.     Under CWA Section 309(d), 33 U.S.C. § 1319(d), and 40 C.F.R. Part 19, Meridian is liable for a civil penalty of up to $37,500 per day for each violation of CWA Section 301, 33 U.S.C. § 1311, occurring after January 12, 2009 through November 2, 2015, and $52,414 per day for each violation occurring after November 2, 2015.  Under Miss. Code Ann. § 49-17-43, Meridian is liable for a civil penalty of up to $25,000 per day during which a violation of Miss. Code Ann. § 49-17-29 occurs.

35.     Unless restrained by an order of the Court, Meridian will continue to violate CWA Section 301, 33 U.S.C. § 1311, and Miss. Code Ann. § 49-17-29, by discharging untreated sewage from unpermitted and unauthorized discharge points within its WCTS to waters of the United States and waters of the State.

## SECOND CLAIM FOR RELIEF
## FAILURE TO COMPLY WITH PERMIT CONDITION -
## PROPER OPERATION AND MAINTENANCE

36.     Paragraphs 1 through 29 are realleged and incorporated herein by reference.

37.     On numerous occasions between February 2013 and the date this complaint is filed, in addition to the discharges referred to in Paragraph 31, Meridian has allowed spills of untreated sewage to occur from various points within its WCTS that did not reach waters of the United States or waters of the State.

38.     At times relevant, Meridian failed to comply with the "Proper Operation, Maintenance and Replacement" condition of its NPDES permits by failing to properly operate and maintain its WCTS, as evidenced by the discharges and spills referred to in Paragraphs 31 and 37.

39.     Each day Meridian failed to comply with the "Proper Operation, Maintenance and Replacement" permit condition constitutes a separate violation of the CWA and of Miss. Code Ann. § 49-17-43(1).

40.     Under CWA Section 309(d), 33 U.S.C. § 1319(d), and 40 C.F.R. Part 19, Meridian is liable for a civil penalty of up to $37,500 per day for each violation occurring after January 12, 2009 through November 2, 2015, and $52,414 per day for violations occurring after November 2, 2015.  Under Miss. Code Ann. § 49-17-43(1), Meridian is liable for a civil penalty of up to $25,000 per day during which a violation of its NPDES permit occurs.

41.     Unless restrained by an order of the Court, Meridian will continue to violate the CWA and the MAWPCL by failing to properly operate and maintain its WCTS.

### THIRD CLAIM FOR RELIEF
### FAILURE TO COMPLY WITH PERMIT CONDITIONS -
### FAILURE TO REPORT SANITARY SEWER OVERFLOWS

42.     Paragraphs 1 through 29 are realleged and incorporated herein by reference.

43.     The NPDES permit for the Meridian sewer system contains the following noncompliance notification requirements: "Noncompliance Notification

11

- Twenty-Four Hour Reporting," "Noncompliance Notification - Other Noncompliance," and "Noncompliance Notification - Other Information."

44.    On hundreds of occasions since at least January 1, 2013, Meridian failed to provide the required notification to MDEQ within the timeframes specified by the NPDES permits, of sanitary sewer overflows from its WCTS that were not authorized by the NPDES permits.

45.    Each day that Meridian failed to comply with the reporting provisions of its NPDES permits constitutes a separate violation of the CWA and of Miss. Code Ann. § 49-17-43(1).

46.    Under CWA Section 309(d), 33 U.S.C. § 1319(d), and 40 C.F.R. Part 19, Meridian is liable for a civil penalty of up to $37,500 per day for each violation occurring after January 12, 2009 through November 2, 2015, and $52,414 per day for violations occurring after November 2, 2015.  Under Miss. Code Ann. § 49-17-43, Meridian is liable for a civil penalty of up to $25,000 per day during which a violation of its NPDES permit occurs.

47.    Unless restrained by an order of the Court, Meridian will continue to violate the reporting provisions of its NPDES permits in violation of the CWA and the MAWPCL.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs, the United States of America and the State of Mississippi request that the Court enter judgment on their behalf as follows:

A.    Pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), and Miss. Code Ann. § 49-17-43, order Meridian to undertake a program to achieve

permanent and consistent compliance with all terms and conditions of its NPDES

permits, the Clean Water Act, the Mississippi Air and Water Pollution Control

Act, and the regulations promulgated thereunder for its sewer system;

      B.        Pursuant to Section 309(d) of the Act, 33 U.S.C. § 1319(d) and 40

C.F. R. Part 19, assess civil penalties against Meridian of up to $37,500 per day

for each day of violation on or before November 2, 2015, and $52,414 per day per

violation for violations occurring after November 2, 2015; and pursuant to Miss.

Code Ann. § 49-17-43, assess civil penalties of up to $25,000 per day for each

violation of Miss. Code Ann. §§ 49-17-29 and 49-17-43(1); and

      C.        Grant the United States and the State of Mississippi such other

relief as the Court deems appropriate.

Date:  June 20, 2019

                         Respectfully submitted,

                         /s/ WILLIAM A. WEINISCHKE
                         WILLIAM A. WEINISCHKE
                         Senior Attorney
                         Environmental Enforcement Section
                         Environment and Natural Resources Division
                         United States Department of Justice
                         P.O. Box 7611
                         Washington, D.C.  20044
                         Telephone: (202) 514-4592
                         Email: bill.weinischke@usdoj.gov

OF COUNSEL:
Suzanne Armor
Associate Regional Counsel
U.S. EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303
Telephone:  (404) 562-9701

ATTORNEYS FOR THE PLAINTIFF UNITED STATES (CONTINUED):

D. MICHAEL HURST, JR
United States Attorney
Southern District of Mississippi

/s/ KRISTI H. JOHNSON
KRISTI H. JOHNSON
MS Bar No. 102891
Assistant United States Attorney
Southern District of Mississippi
501 East Court Street
Suite 4.430
Jackson, Mississippi 39201
Telephone:  (601) 965-4480
Email: kristijohnson2@usdoj.gov

ATTORNEY FOR PLAINTIFF STATE OF MISSISSIPPI BY AND THROUGH
THE MISSISSIPPI COMMISSION ON ENVIRONMENTAL QUALITY AND
THE MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY:

/s/ GRETCHEN L. ZMITROVICH
GRETCHEN L. ZMITROVICH
MS Bar No. 101470
Senior Attorney
Office of Pollution Control
Mississippi Department of Environmental Quality
P.O. Box 2261
Jackson, MS 39225
Telephone: (601) 961-5050
Fax: (601) 961-5674
Email: GZMITROVICH@mdeq.ms.gov